BADER, etc., Respondent, v. STROTHER, Appellant.

St. Louis Court of Appeals, June 5, 1906.

APPELLATE PRACTICE: Weight of Evidence. In an action for an accounting and for the balance due on a contract for the purchase of timber, the evidence was conflicting and did not preponderate against the plaintiff sufficiently to justify the appellate court in setting aside a finding of the trial court in his favor.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*C. G. Shepard* for appellant.

*Sam J. Corbett* for respondent.

GOODE, J.—John W. Bader, the plaintiff, is administrator of the estate of J. W. Canady, deceased. In that capacity he instituted the present action against defendant for an accounting and judgment for whatever balance might be found due on a certain contract between plaintiff and defendant for the sale of timber. This timber stood on a quarter section of land in Pemiscot county, which had belonged to Canady, the deceased. Canady had made a sale of the fee to the land in his lifetime, but had reserved a right to take off the timber. Pursuant to this reservation, after his death, Bader, as

120 App.—2

administrator, made a contract with Strother by which the timber on the land was sold to the latter at the following prices: oak, ash and cottonwood timber, $2 per thousand feet; and gum timber, $1 per thousand feet. The contract was in writing and provided that Strother could make an estimate every thirty days of the timber cut and stacked during the previous month and pay for it. These estimates were not to be conclusive. There was a clause in the contract stating that after all the timber had been cut, there should be a final settlement according to the actual measurements of the timber, and if it appeared in this settlement that Strother had either overpaid or underpaid, in the monthly settlements, the error should be rectified. The petition charges that Strother refused to make an estimate every thirty days as required by the agreement, or to pay plaintiff monthly; that according to the best information plaintiff had been able to obtain the quantity of timber cut by defendant exceeded 500,000 feet of oak, ash and cottonwood and 200,000 feet of gum; that is to say, was over 700,000 feet in all. It was averred that on or about March 5, 1903, defendant had paid $77.40 and on or about April 6, 1903, $140.62, which amounts represented the total payments for timber made by Strother. The answer avers that estimates and payments were made each thirty days. It further pleads two payments, one of $150 on October 30, 1903, and another of $133.50 on November 15, 1903. These payments are stated to have been the final payments and to have fully compensated plaintiff for all the timber cut. The answer further avers that after the contract had been executed, defendant, at plaintiff's request, gave the latter an itemized statement of all the timber cut and the money for the same.

It is contended that the weight of the evidence shows plaintiff had been paid in full and, therefore, the judgment ought to be reversed. The evidence on the question of payments is very contradictory. The parties

practically agree that something more than 700,000 feet of timber was taken from the land by defendant and that it was worth over $700. The judgment of the court was in favor of plaintiff for $435.56. Plaintiff testified that two monthly payments were made and that afterwards he never could get Strother to make estimates or payments. The credits he acknowledges in his petition were two, but their dates in the spring of 1903, varied from two checks he had given plaintiff in October and November of that year. Defendant asserted the two checks represented additional payments; whereas plaintiff said he had been misled by the statement defendant furnished and hence had affixed erroneous dates to the payments acknowledged in his petition; that the two checks were the only payments received. There is some confusion about the payments. Defendant contends there were six monthly payments in all. As to the itemized statement furnished by defendant after the timber had been cleared off, he swore plaintiff admitted it was correct and plaintiff's attorney testified possitively that plaintiff made no such statement but, on the contrary, denied its correctness. Nearly all the evidence in the case was given by witnesses on the stand and there was a marked discrepancy in their statements. We find no such preponderance of the evidence in favor of the theory that plaintiff had been fully paid, as would justify us in setting aside the finding of the court below.

The judgment is affirmed. All concur.